STATE OF NEBRASKA, APPELLEE, v. MICHAEL JOHN ROTELLA, APPELLANT.

246 N. W. 2d 74

Filed October 13, 1976. No. 40739.

William J. Dunn of Gross, Welch, Vinardi, Kauffman & Day, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Michael John Rotella, defendant, was convicted of motor vehicle homicide in connection with a two-car collision resulting in the death of the driver of the other vehicle. He was sentenced to a term of 5 months in the Douglas County correctional department. He prosecutes this appeal, alleging two assignments of error. (1) The court erred in excluding the testimony of an expert witness as to the presence of a drug in the blood of the deceased. (2) The court erred in admitting in evidence over objection a diagram depicting the point of impact of the accident scene. We affirm.

We first consider defendant's second assignment. The accident occurred on October 3, 1975. Both cars involved were proceeding along 108th Street in Omaha. Defendant was traveling in the southbound lane and decedent in the northbound lane. The State sought to prove that defendant was driving on the wrong side of the road at the time of impact between the two vehicles. The trial court sustained a motion in limine which prevented the investigating officers from giving an opinion as to the point of impact.

The State was permitted to introduce over objection a diagram, exhibit 3, which showed the position of the automobiles, skid marks, and the gouge marks in the pavement. The gouge marks in the northbound lane are marked with an "X" and identified on the chart as point "B." Point "B" was further identified on the chart as "possible point of impact." The trial court required the deletion of the words "possible point of impact" before the admission of the exhibit.

It is defendant's contention that the jurors, in examining the exhibit, would naturally assume the "X"

marked the point of impact. Defendant's motion in limine was based upon Stillwell v. Schmoker (1963), 175 Neb. 595, 122 N. W. 2d 538. In the past, an investigating officer has not been permitted to testify over objection as to the location of the point of impact. We have held the point of impact to be an ultimate fact to be determined by the jurors from the physical facts presented to them. This record contains no hint of an opinion by the State's witness as to the location of the point of impact. The chart is one of the scene. Point "B" marks gouge marks. While the officer thought it to be the possible point of impact, that fact was excluded from the exhibit before it was presented to the jury.

Stillwell v. Schmoker, *supra*, relied heavily on the fact that the opinion offered invaded the province of the jury. The basis for the objection was the general rule of evidence that the testimony of witnesses must be confined to concrete facts perceived by the use of their senses as distinguished from opinion and conclusions deducible from evidentiary facts. In 1975, we revised our rules of evidence. Section 27-704, R. R. S. 1943, provides: "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." This in the proper case vitiates the Stillwell v. Schmoker rule.

Rotella's other assignment is directed to the fact that the court refused to permit him to withdraw his rest to present evidence that an examination of the decedent's blood showed the presence of amphetamines in a quantity such as to impair his decision-making ability. The court based its ruling on the finding that such evidence would be irrelevant.

Essentially what defendant is seeking to prove is contributory negligence on the part of the deceased. However, contributory negligence is not a defense to a charge of motor vehicle homicide. The issue is whether defendant's violation of law was a contributing factor to the death. See Vaca v. State (1948), 150 Neb. 516, 34 N. W.

2d 873, in which we held: "When one drives a motor vehicle in violation of law pertaining to the operation of such vehicles on the public highway, and, in so doing, as a result of the violation of law, causes death to another, he is guilty of manslaughter, and neither contributory negligence of deceased nor the driver of the car in which deceased was riding when killed, can be invoked to relieve the former of criminal responsibility." See, also, Hoffman v. State (1956), 162 Neb. 806, 77 N. W. 2d 592. We there held: "In criminal cases prosecuted under the motor vehicle homicide act, the negligence or unlawful acts of another driver which proximately contributed to the death, as distinguished from an independent intervening cause thereof, is not a defense if the evidence is sufficient to sustain a conclusion beyond a reasonable doubt that the defendant's negligence or unlawful acts were also a proximate cause of the death of another."

The only question of fact involved was whether the defendant was negligent in operating his vehicle by crossing over the centerline. The jury found that he was. The evidence is more than ample to sustain its verdict.

For the reasons given, the defendant's assignments of error are without merit. The judgment is affirmed.

AFFIRMED.