STATE OF NEBRASKA, APPELLEE, V.
CHRISTOPHER A. BROWN, APPELLANT.

603 N.W.2d 419

Filed December 17, 1999.　No. S-98-982.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Christopher A. Brown was convicted of motor vehicle homicide by reckless driving. During trial, evidence was adduced that the victim was contributorily negligent. Brown contends that the

jury was improperly instructed regarding the effect of the victim's contributory negligence on causation, the elements of the offense, and the elements of the lesser-included offense of motor vehicle homicide by careless driving. He also contends that there was insufficient evidence to support the verdict and that the trial court erred in sentencing.

The major issue to be resolved in Brown's motor vehicle homicide conviction is whether Brown was entitled to have the jury instructed that it may consider the actions of a victim who was operating another vehicle in determining whether Brown's conduct was the proximate cause of the victim's death. We hold that the jury was not properly instructed regarding the effect of the victim's negligence on the element of proximate cause. Accordingly, we reverse, and remand for a new trial.

## I. BACKGROUND

On March 5, 1997, Brown was driving southbound on 27th Street in Lincoln, Nebraska. Twenty-seventh Street runs north and south and has two lanes of traffic in each direction. Irene M. Heidtbrink was in a left-hand turn lane on 27th Street facing north. Brown did not testify at trial, but according to his statements to the investigating police officer, he was driving south on 27th Street and had a green light at the intersection of 27th Street and K-Mart Drive. As he approached the intersection, he saw Heidtbrink's vehicle in the intersection. However, her vehicle was stopped, and he could see through the intersection. Brown assumed Heidtbrink would wait for him before she turned because he had the right-of-way. However, as he entered the intersection, Heidtbrink turned left in front of him. Brown slammed on his brakes and attempted to avoid a collision, but was unable to do so. Brown admitted to making one lane change as he proceeded toward the intersection and told the investigating police officer that he thought he had been traveling around 60 m.p.h. There was a conflict in the testimony regarding what the posted speed limit was in the area of the accident. However, it was either 40 or 45 m.p.h. A test of Brown's blood showed no presence of drugs or alcohol. While he was at the hospital waiting for his blood to be drawn, Brown stated to another police officer, "I suppose you guys hate me . . . speeding around."

Heidtbrink died the day after the collision. The medical doctor who performed the autopsy testified that the cause of death was multiple blunt force trauma resulting from a motor vehicle accident. Brown was subsequently charged with motor vehicle homicide by reckless driving.

Michael Witt, a witness to the accident, testified that traffic was heavy on 27th Street at the time of the collision. However, Witt was unable to remember details regarding any other cars besides his own and Brown's. Just prior to the accident, Witt turned onto 27th Street going south. As Witt was turning, Brown passed him and pulled into the right-hand lane in front of him. Witt was unable to provide an estimate of Brown's speed but stated that Brown passed him "at a good rate of speed" and was definitely traveling faster than the other vehicles on 27th Street at that time. Witt's testimony indicates that Brown changed lanes again after passing him. According to Witt, Heidtbrink's vehicle "nosed out" into the intersection and Brown's vehicle collided with it. Witt did not observe that the brake lights were lit on Brown's vehicle prior to the collision and testified that it appeared that Brown had not slowed down at all.

Jeremy Walker, another witness to the accident, testified that he was traveling south on 27th Street and that traffic was moderate at the time of the accident. Like Witt, Walker could not remember any details regarding other cars in the vicinity of the accident other than Brown's and his own. According to Walker, Brown traveled past him at a high rate of speed. At the time Brown passed him, Walker was driving approximately 40 m.p.h. Although the posted speed limit on 27th Street was 40 or 45 m.p.h., Walker testified that it was rare to be able to travel at that speed on the portion of 27th Street at issue because of the high level of traffic that is usually there. At the time of trial, Walker was unable to give an opinion of Brown's speed. However, Walker stated that "[i]n comparison to the rate of speed my vehicle was traveling, I would estimate it appeared that [Brown's] vehicle passed by me as if mine weren't moving."

Officer Marlin Hohnstein testified regarding skid marks at the accident scene. Utilizing measurements of the skid marks and a mathematical formula, Hohnstein concluded that Brown had been traveling in excess of 60 m.p.h. at the time of the accident.

Following the presentation of the State's evidence at trial, Brown made a motion to dismiss on the basis that there was insufficient evidence. The trial court overruled the motion. Brown presented no evidence, and the case was submitted to the jury.

The jury was instructed regarding the elements of motor vehicle homicide by reckless driving and the elements of the lesser-included offense of motor vehicle homicide by careless driving in instruction No. 4, in part, as follows:

In this case, depending on the evidence, you may find the defendant:

1. Guilty of motor vehicle homicide by reckless driving;

2. Guilty of motor vehicle homicide by careless driving; or

3. Not guilty.

The material elements which the state must prove by evidence beyond a reasonable doubt in order to convict the defendant of the crime of motor vehicle homicide by reckless driving are:

1. That the defendant, Christopher A. Brown, caused the death of Irene Heidtbrink;

2. That he did so on or about March 5, 1997 in Lancaster County, Nebraska;

3. That he did so unintentionally while engaged in the unlawful operation of a motor vehicle upon the streets or highways of the state of Nebraska;

4. That his unlawful operation of a motor vehicle consisted of driving in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property; and

5. That his unlawful operation of a motor vehicle was a proximate cause of Irene Heidtbrink's death.

The State has the burden of proving beyond a reasonable doubt each and every one of the foregoing material elements necessary for conviction.

If you find from the evidence beyond a reasonable doubt that each of the foregoing material elements is true, it is your duty to find the defendant guilty of motor vehicle homicide by reckless driving. On the other hand, if you find the state has failed to prove beyond a reasonable doubt any one or more of the foregoing material elements you

must then consider the lesser included offense of motor vehicle homicide by careless driving.

The material elements of motor vehicle homicide by careless driving that the state must prove beyond a reasonable doubt are:

1. That the defendant, Christopher A. Brown, caused the death of Irene Heidtbrink;

2. The he did so on or about March 5, 1997 in Lancaster County, Nebraska;

3. That he did so unintentionally while engaged in the unlawful operation of a motor vehicle on the streets or highways of the state of Nebraska;

4. That his unlawful operation of motor vehicle consisted of driving carelessly or without due caution so as to endanger a person or property; and

5. That his unlawful operation of a motor vehicle was a proximate cause of Irene Heidtbrink's death.

The state has the burden of proving beyond a reasonable doubt each and every one of the foregoing material elements necessary for conviction.

The trial court further instructed the jury on the definitions of reckless and careless driving in instruction No. 7 as follows:

The statutes of the State of Nebraska in full force and effect on March 5, 1997 provided in substance as follows:

1. Any person who drives a motor vehicle in this state in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property shall be guilty of reckless driving

2. Any person who drives a motor vehicle in this state carelessly or without due caution so as to endanger a person or property is guilty of careless driving.

In regard to proximate cause, the jury was given instruction No. 8, which instructed that "[p]roximate cause is that [sic] produces a result in a natural and continuous sequence, and without which the result would not have occurred." The jury was also given instruction No. 9 as follows:

Whether the conduct of Irene Heidtbrink may or may not have contributed to her death is not an issue in this case. If the evidence is sufficient to prove beyond a rea-

sonable doubt that defendant's unlawful conduct was a proximate cause of Irene Heidtbrink's death, the conduct of Irene Heidtbrink does not matter.

Brown objected to the instructions on the bases that they did not properly consider the effect of his speeding, were confusing to the jury, and did not properly describe the elements of each offense. Brown also contended that the instructions had the effect of telling the jury not to consider the lesser-included offense unless or until they unanimously determined that Brown must be acquitted of motor vehicle homicide by reckless driving. Brown further contended that the definitions of careless and reckless driving were incorrect and that the instructions acted to direct a verdict for the State by removing any consideration by the jury of Heidtbrink's negligence when they were considering the element of proximate cause. Brown offered the following proposed jury instruction No. 2, for the elements of the offense charged, the lesser-included offense, and when the jury could consider the lesser-included offense:

Under the information in this case, depending on the evidence, you may find the defendant:

a. Guilty of reckless motor vehicle homicide; or

b. Guilty of motor vehicle homicide; or

c. Not guilty.

The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict the defendant of the crime of reckless motor vehicle homicide are:

1. That the defendant, CHRISTOPHER A. BROWN, unintentionally caused the death of Irene M. Heidtbrink, while engaged in the operation of a motor vehicle in violation of the laws of the State of Nebraska;

2. That the proximate cause of the death of Irene M. Heidtbrink was defendant's operation of the motor vehicle in such a manner so as to indicate an indifferent or wanton disregard for the safety of persons or property; and

3. That the defendant did so on March 5, 1997, in Lancaster County, Nebraska.

. . . .

. If you find from the evidence beyond a reasonable doubt that each of the foregoing material elements is true, it is your duty to find the defendant guilty of the crime of reckless motor vehicle homicide, and you shall not then consider the lesser included offense hereafter set forth in this instruction. On the other hand, if you disagree as to whether the evidence proves beyond a reasonable doubt that each of the foregoing material elements is true, you may consider the lesser included offense of motor vehicle homicide.

The material elements . . . of the crime of motor vehicle homicide are:

1. That the defendant, CHRISTOPHER A. BROWN, unintentionally caused the death of Irene M. Heidtbrink, while engaged in the operation of a motor vehicle in excess of the posted speed limit;

2. That the defendant did so on March 5, 1997, in Lancaster County, Nebraska.

The trial court denied Brown's request that it give the instruction.

Brown also offered jury instruction No. 1 which stated that "[s]peed alone will not support a conviction for reckless driving, although speed may have a bearing on whether one was driving dangerously under the surroundings and attendant circumstances of the particular case." In rejecting this instruction, the trial court stated that the instruction could be confusing to the jury because once factors besides speed were introduced by the State, the question for the jury was whether the speed, combined with the other factors, constituted reckless driving. Brown then stated he understood why the first part of the proposed instruction might need to be left out and requested an instruction telling the jury that "speed may have a bearing on whether one was driving dangerously under the surroundings and attendant circumstances."

Brown next offered the following jury instruction No. 3:

The driver of an automobile upon the public highways of this state is required to have his or her auto under such reasonable control as will at all times enable him or her to avoid collision with other vehicles operated on said high-

way, but the law does not require such driver to anticipate negligence or violation of traffic regulation by another, in the absence of notice, warning or knowledge of such condition.

The trial court refused to give this instruction on the basis that introducing the rules of the road into the case would be confusing to the jury.

Finally, Brown objected to the trial court's refusal to give the following jury instruction No. 4, which gives the definition of recklessness taken from cases involving recklessness in a civil law context:

Recklessness is the disregard for or indifference to the safety of another or for the consequences of one's act. Conduct is in reckless disregard to the safety of another if the actor intentionally does an act, or intentionally fails to do an act which it is his or her duty to another to do, knowing or having reason to know of facts which would lead a reasonable person to realize not only that his or her conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his or her conduct negligent. Recklessness differs from intentional wrongdoing in that while the act must be intended by the actor in order to be considered reckless, the actor does not intend to cause the harm which results from the act.

The jury found Brown guilty of motor vehicle homicide by reckless driving. The trial court sentenced Brown to 360 days in the Lancaster County jail, plus ordered he pay the costs of the prosecution. Brown then perfected this appeal.

## II. ASSIGNMENTS OF ERROR

Brown assigns, rephrased and renumbered, that the trial court (1) improperly instructed the jury on the elements of the offense of motor vehicle homicide by reckless driving, (2) improperly instructed the jury on the elements of the lesser-included offense of motor vehicle homicide by careless driving, (3) improperly instructed the jury regarding the manner by which it could distinguish between the offenses of motor vehicle homicide by reckless driving and motor vehicle homicide by careless driving,

(4) improperly instructed the jury on the definitions of careless and reckless driving, (5) improperly instructed the jury regarding proximate cause and the effect of any contributory negligence of the victim, (6) erred in overruling Brown's motion to dismiss on the basis that there was insufficient evidence to support a conviction of motor vehicle homicide by reckless driving, and (7) erred by improperly considering an element of the offense as an aggravating factor in sentencing.

## III. STANDARD OF REVIEW

Whether a jury instruction given by a trial court is correct is a question of law. *State v. Greer*, 257 Neb. 208, 596 N.W.2d 296 (1999). In an appeal based on the claim of an erroneous instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *State v. Greer, supra; State v. McHenry*, 250 Neb. 614, 550 N.W.2d 364 (1996).

A criminal conviction will be affirmed, in the absence of prejudicial error, if the evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Hittle*, 257 Neb. 344, 598 N.W.2d 20 (1999). In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Earl*, 252 Neb. 127, 560 N.W.2d 491 (1997).

## IV. ANALYSIS

### 1. JURY INSTRUCTIONS

Brown's contention that the jury was improperly instructed falls into three general categories. Brown contends that (1) the jury instructions removed from the jury any consideration of Heidtbrink's conduct, (2) the jury was not properly instructed regarding the elements of motor vehicle homicide by reckless driving and motor vehicle homicide by careless driving because the terms "reckless" and "careless" were not properly defined, and (3) the failure of the trial court to instruct on the effect of speeding resulted in the jury's being unable to distinguish between reckless and careless driving.

■ It is the duty of the trial judge to instruct the jury on the pertinent law of the case, whether requested to do so or not, and an instruction or instructions which by the omission of certain elements have the effect of withdrawing from the jury an essential issue or element in the case are prejudicially erroneous. *State v. Greer, supra; State v. Parks*, 253 Neb. 939, 573 N.W.2d 453 (1998).

■ Jury instructions must be read as a whole, and if they fairly present the law so that the jury could not be misled, there is no prejudicial error. *State v. Greer, supra; State v. Brunzo*, 248 Neb. 176, 532 N.W.2d 296 (1995).

■ To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *State v. Owens*, 257 Neb. 832, 601 N.W.2d 231 (1999); *State v. Harrold*, 256 Neb. 829, 593 N.W.2d 299 (1999).

### (a) Instructions Regarding Negligence on Part of Victim

Brown contends that the trial court erred by failing to provide an instruction on the rules of the road, that a person must keep his or her vehicle under reasonable control, and that a driver may assume that others are going to obey the law. When combined with the instruction given regarding proximate cause, Brown contends that the jury was unable to take into account Heidtbrink's actions when considering whether his driving over the speed limit proximately caused her death.

■ It has been a longstanding principle that contributory negligence is not a defense to the charge of motor vehicle homicide. *State v. Ring*, 233 Neb. 720, 447 N.W.2d 908 (1989); *State v. William*, 231 Neb. 84, 435 N.W.2d 174 (1989); *State v. Rotella*, 196 Neb. 741, 246 N.W.2d 74 (1976). Rather, the issue is whether a defendant's violation of the law was a contributing factor to the death. *Id.*

" 'In criminal cases prosecuted under the motor vehicle homicide act, the negligence or unlawful acts of another

driver which proximately contributed to the death, as distinguished from an independent intervening cause thereof, [are] not a defense if the evidence is sufficient to sustain a conclusion beyond a reasonable doubt that the defendant's negligence or unlawful acts were also a proximate cause of the death of another.' "

*State v. William*, 231 Neb. at 89, 435 N.W.2d at 178, quoting *State v. Rotella, supra.* Thus, a victim's negligence cannot act to absolve the defendant in a motor vehicle homicide case unless the actions of the victim were the *sole* proximate cause of the accident. See *State v. Bartlett*, 3 Neb. App. 218, 525 N.W.2d 237 (1994).

Brown cites to *Buckles v. State*, 830 P.2d 702 (Wyo. 1992), to support his position that the instructions acted to foreclose the jury from considering whether Heidtbrink's actions were the proximate cause of her injuries. In *Buckles*, there was evidence that the victim in a motor vehicle homicide case had been driving under the influence of a controlled substance. The Supreme Court of Wyoming considered the following instructions:

"You are instructed that any negligence on the part of a victim is not a defense to criminal prosecution and does not excuse any criminal acts on the part of a Defendant. The state is required to prove that it was the criminal act on the Defendant's part that caused the death of [the victim].

". . . .

"A proximate cause is a cause which directly brings about the injury either immediately or through happenings which follow one after another."

*Id.* at 707. The court concluded that although a victim's negligence is not a defense to a charge of motor vehicle homicide, it was plain error for the court to give the above instructions. The court reasoned that the instructions failed to inform the jury that it could consider the victim's negligence for its bearing upon whether the defendant's actions were the proximate cause of the death. See, also, *Com. v. Molinaro*, 429 Pa. Super. 29, 631 A.2d 1040 (1993) (jury must be instructed to consider victim's actions in connection with causation determination where evidence indicates that those actions may have contributed to accident); *State v. Hollingsworth*, 77 N.C. App. 36, 334 S.E.2d 463

(1985) (failure of victim to exercise due care and keep proper lookout could break chain of causation and jury should have been instructed of its effect on element of proximate cause).

Brown also cites to *State v. Shumway*, 137 Ariz. 585, 672 P.2d 929 (1983). In *Shumway*, a motor vehicle homicide case, the defendant was traveling in excess of the speed limit and collided with a vehicle that attempted to turn left in front of him. The trial court refused to give the following instruction requested by the defendant: "The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." *Id.* at 588, 672 P.2d at 932.

The Supreme Court of Arizona, en banc, found that it was error to refuse to give the instruction when requested because while contributory negligence of the victim is not a defense, the jury could still consider the victim's negligence regarding how it affected the element of causation.

We find the reasoning of *Buckles* and *Shumway* to be persuasive. In the instant case, the first sentence of jury instruction No. 9 stated: "Whether the conduct of Irene Heidtbrink may or may not have contributed to her death is not an issue in this case." However, if the jury were to determine that Heidtbrink's actions were the *sole* proximate cause of her death, then it would be required that the jury acquit Brown. Thus, the instructions failed to instruct the jury regarding when and in what manner Heidtbrink's actions were to be considered.

We conclude that when evidence has been presented in a motor vehicle homicide case that a victim was negligent, it is error for the trial court to refuse a requested instruction which would assist the jury in determining if the victim was actually negligent. Thus, the trial court erred in failing to give Brown's requested instruction on the rules of the road.

The trial court in such circumstances should also instruct the jury of the effect of any negligence of the victim on the element of proximate cause as follows:

> The negligence of a victim or third person is not a defense to a prosecution for motor vehicle homicide unless such negligence is the sole proximate cause of the death.

Such negligence, if it exists, may be considered on the issue of whether the conduct of the accused was a proximate cause of the homicide.

Because we reverse and remand for a new trial, we will address Brown's other assignments of error regarding jury instructions on the basis that such issues are likely to arise again upon retrial.

### (b) Reckless and Careless Driving

Brown contends that the jury instructions were improper because the instructions as given utilized the statutory language defining reckless and careless driving without any further definition. See Neb. Rev. Stat. §§ 60-6,212 and 60-6,213 (Reissue 1998). Brown proposed instructions that defined reckless in a manner used in the civil law. In particular, Brown relies on the definition of reckless found in *Dotzler v. Tuttle*, 234 Neb. 176, 449 N.W.2d 774 (1990), a case involving personal injuries arising out of participation in an athletic event. In his brief, Brown further contends that the trial court should have sua sponte instructed the jury utilizing the definition of recklessly found in Neb. Rev. Stat. § 28-109(19) (Reissue 1995). Brown did not request an instruction based on § 28-109(19). Brown also did not request a definition of careless driving.

Although Brown cites to civil cases for a definition of reckless, the criminal statutes in §§ 60-6,213 and 28-109(19) provide a definition applicable in the criminal context. Further, we have said that in giving instructions to the jury, it is proper for the court to describe the offense in the language of the statute. *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999). Thus, Brown was not entitled to a definition of reckless based on the definition found in civil cases. Brown did not request an instruction utilizing the definition found in § 28-109(19), nor did he request an instruction defining careless driving. A party who does not request a desired jury instruction cannot complain on appeal about incomplete instructions. *State v. Larsen*, 255 Neb. 532, 586 N.W.2d 641 (1998). Accordingly, we find no reversible error on this issue.

Brown additionally contends that the instructions did not allow the jury to consider the lesser-included offense unless or until they unanimously agreed that he was not guilty of motor

vehicle homicide by reckless driving. However, Brown cites to no legal authority for this proposition. Additionally, we have addressed an instruction with similar language and determined that such an instruction does not require jury unanimity before considering a lesser offense. *State v. Jones*, 245 Neb. 821, 515 N.W.2d 654 (1994), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998). Thus, there is no merit to Brown's argument on this issue.

(c) Instructions Regarding Speed

Brown contends that the jury should have been instructed on how to consider the effect of his speeding. We have said that while speed alone does not support a conviction for willful reckless driving, speed does have a bearing on whether one was driving dangerously " 'under the surroundings and attendant circumstances of the particular case.' " *State v. Howard*, 253 Neb. 523, 527, 571 N.W.2d 308, 313 (1997), *quoting State v. DiLorenzo*, 181 Neb. 59, 146 N.W.2d 791 (1966). We have generally utilized this proposition of law using the terminology of "willful" reckless driving, which is proscribed by Neb. Rev. Stat. § 60-6,214 (Reissue 1998). The instant case concerns reckless driving under § 60-6,213 rather than willful reckless driving pursuant to § 60-6,214. However, although we state the proposition as applying to willful reckless driving, we have applied it in a case involving reckless driving under § 60-6,213. See *State v. Howard, supra*.

In the instant case, the State presented evidence that Brown had made several lane changes prior to the accident and was not only driving over the posted speed limit, but was doing so in an area of moderate-to-heavy traffic. Thus, the speed at which Brown was traveling was introduced as one piece of evidence for the purpose of proving that he drove in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property. Under such circumstances, the trial court was correct in refusing to instruct on the effect that speed alone has on reckless driving.

As an alternative, Brown requested an instruction that speed has a bearing on whether one was driving dangerously under the circumstances. However, the jury was already instructed to con-

sider whether Brown was engaged in an unlawful operation of his vehicle and whether such unlawful operation consisted of driving in a manner as to indicate an indifferent or wanton disregard for the safety of persons or property. The fact that Brown was driving over the speed limit did not need to be further pointed out to the jury in order for them to consider it. Thus, the failure to give Brown's requested alternate instruction was not error.

## 2. SUFFICIENCY OF EVIDENCE

Because we reverse on the issue of jury instructions, we must consider Brown's challenge to the sufficiency of the evidence in order to determine whether Brown may be retried. See *State v. Lee*, 227 Neb. 277, 417 N.W.2d 26 (1987). Brown contends that there was insufficient evidence to convict him of motor vehicle homicide by reckless driving because the State presented credible evidence only that he was driving in excess of the posted speed limit. Brown further argues that evidence that he had changed lanes several times and that traffic was heavy or moderate was not sufficient to support a finding that he was driving recklessly.

A criminal conviction will be affirmed, in the absence of prejudicial error, if the evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Hittle*, 257 Neb. 344, 598 N.W.2d 20 (1999). In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Earl*, 252 Neb. 127, 560 N.W.2d 491 (1997). We have held that when there was evidence that a defendant had been speeding and had passed several other automobiles on a heavily traveled public highway at night, there was sufficient evidence to support a conviction for willful reckless driving. See *State v. DiLorenzo*, 181 Neb. 59, 146 N.W.2d 791 (1966). Such a holding is equally applicable to a case involving reckless driving.

In the instant case, the State presented evidence that Brown had twice changed lanes and passed another driver at a high rate of speed. There was also evidence indicating that traffic in the area at the time of the accident was moderate to heavy. Thus, the

fact that Brown was traveling at a speed of approximately 60 m.p.h. had a bearing on whether he was driving dangerously under circumstances where he was engaged in lane changes during moderate-to-heavy traffic. Construed in a light most favorable to the State, there was sufficient evidence to support Brown's conviction of motor vehicle homicide by reckless driving.

## V. CONCLUSION

The trial court erred in refusing to give Brown's requested instructions on the rules of the road and in failing to adequately instruct on the effect that Heidtbrink's negligence, if any, had on the element of proximate cause. We find Brown's other assignments of error regarding the jury instructions to be without merit. There was sufficient evidence to convict, allowing the cause to be remanded to the trial court for a new trial. Because we reverse, and remand for a new trial, we do not consider Brown's assignment of error regarding sentencing.

REVERSED AND REMANDED FOR A NEW TRIAL.