STATE OF NEBRASKA, APPELLEE, V. TROY ADAMS, APPELLANT.
558 N.W.2d 298

Filed January 10, 1997.   No. S-95-669.

462

Thomas M. Kenney, Douglas County Public Defender, and Gary D. Olson for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

Troy Adams' district court jury conviction for proximately causing serious bodily injury to Fred Schwartz while Adams was driving (1) under the influence of alcohol or (2) while he had an illegal concentration of alcohol in his body was reversed by the Nebraska Court of Appeals and remanded for a new trial because of what the Court of Appeals found to be an erroneous jury instruction. After his conviction, Adams was sentenced to prison for not less than 58 nor more than 60 months.

The State of Nebraska petitioned for further review by this court, which we granted.

We not only find that the trial court committed plain error in instructing the jury, as the Court of Appeals determined, but we

also find that the trial court committed additional plain error in instructing the jury, which plain error was not addressed by the Court of Appeals in its opinion. See *State v. Adams*, 96 NCA No. 18, case No. A-95-669 (not designated for permanent publication).

Adams' conviction and sentence are vacated, and this cause is remanded to the Court of Appeals with direction to remand it to the district court for Douglas County for a new trial in conformance with this opinion.

## ASSIGNMENT OF ERROR

In this court, the State of Nebraska claims that the Court of Appeals erred in finding plain error in the trial court's instructions to the jury regarding the material elements of driving while under the influence and causing serious bodily injury.

## STANDARD OF REVIEW

The dispositive issues in this cause present questions of law, in connection with which this court has an obligation to reach its own conclusions independent of those reached by the lower courts. See, *Hynes v. Hogan, ante* p. 404, 558 N.W.2d 35 (1997); *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996); *State v. Bowers*, 250 Neb. 151, 548 N.W.2d 725 (1996).

## FACTS

Shortly after 4 a.m. on June 22, 1994, at the intersection of 42d and Dodge Streets in Omaha, a motor vehicle being driven by Adams in a westerly direction on Dodge Street collided with a motor vehicle being driven by Schwartz in a southerly direction on 42d Street. Both drivers sustained injuries and were transported to a hospital. The record reflects that there were no witnesses to the accident. Schwartz, who suffered a head injury resulting in brain damage, has little or no memory of how the accident occurred. The record does not disclose Adams' version of the accident.

Subsequently, Adams was charged in the district court for Douglas County with violating Neb. Rev. Stat. § 60-6,198 (Reissue 1993). In substance, the information alleged that on or about June 22, 1994, while operating a motor vehicle in violation of Neb. Rev. Stat. § 60-6,196 or 60-6,197 (Reissue 1993), Adams proximately caused serious bodily injury to Schwartz.

## CHARGING STATUTES

As relevant here, § 60-6,198 provides that "[a]ny person who, while operating a motor vehicle in violation of section 60-6,196 or 60-6,197, proximately causes serious bodily injury to another person shall be guilty of a . . . felony . . . ." "Serious bodily injury" is defined as a "bodily injury which involves a substantial risk of death, a substantial risk of serious permanent disfigurement, or a temporary or protracted loss or impairment of the function of any part or organ of the body." § 60-6,198.

Also, § 60-6,196 provides:

(1) It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle:

(a) While under the influence of alcoholic liquor or of any drug;

(b) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood[.]

Section 60-6,197 provides, as relevant here, that

[a]ny person who operates or has in his or her actual physical control a motor vehicle in this state shall be deemed to have given his or her consent to submit to a chemical test or tests of his or her blood . . . for the purpose of determining the concentration of alcohol . . . in such blood . . . .

## ANALYSIS

In analyzing this cause, we are reminded that whether requested to do so or not, a trial court has the duty to instruct the jury on issues presented by the pleadings and the evidence. See, *Reavis v. Slominski*, 250 Neb. 711, 551 N.W.2d 528 (1996); *Storjohn v. Fay*, 246 Neb. 454, 519 N.W.2d 521 (1994); *Wilson v. Misko*, 244 Neb. 526, 508 N.W.2d 238 (1993). Because of this duty, the trial court, on its own motion, must correctly instruct on the law, and an appellate court may take cognizance of plain error if such instructions indicate a probable miscarriage of justice. See, *Wilson v. Misko, supra*; *Omaha Mining Co. v. First Nat. Bank*, 226 Neb. 743, 415 N.W.2d 111 (1987); *Silvey & Co., Inc. v. Engel*, 204 Neb. 633, 284 N.W.2d 560 (1979). We are also reminded that the proper method of presenting a case to a jury in its instructions is by a clear and concise statement by the

trial court of the issues which find support in the evidence. *Wilson v. Misko, supra.* As a result of these principles, whether jury instructions given by a trial court are correct is a question of law.

With these principles in mind, we consider the State's assignment of error that the Court of Appeals erred in finding plain error in the trial court's instructions to the jury regarding the material elements of driving while under the influence and causing serious bodily injury.

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. McHenry*, 250 Neb. 614, 550 N.W.2d 364 (1996); *Perrine v. State*, 249 Neb. 518, 544 N.W.2d 364 (1996). In regard to plain error, an appellate court always reserves the right to note plain error. *State v. Randall*, 249 Neb. 718, 545 N.W.2d 94 (1996); *State v. Hall*, 249 Neb. 376, 543 N.W.2d 462 (1996).

The trial court's instruction No. 3, which the State claims is correct, reads:

> The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict the defendant of *causing* serious bodily injury while driving under the influence of alcoholic liquor *or drugs* are as follows:
>
> 1. That . . . Adams, on or about the 22d day of June, 1994, in the County of Douglas and State of Nebraska, then and there operated a motor vehicle, and at that time and place was (A) under the influence of alcoholic liquor; OR (B) *had a concentration of ten-hundredths of one gram or more by weight of alcohol per hundred milliliters of his blood.*
>
> AND
>
> 2. That while so operating a motor vehicle [Adams] did proximately cause serious bodily injury to . . . Schwartz.

(Emphasis supplied.)

Relying upon its holding in *State v. Bartlett*, 3 Neb. App. 218, 525 N.W.2d 237 (1994), the Court of Appeals found the trial court's instructions were defective because they failed to state that a material element of the crime charged is that the act of driving while under the influence must proximately cause serious bodily injury to the victim. Based upon our holdings in *State v. Batts*, 233 Neb. 776, 448 N.W.2d 136 (1989), and *State v. Ring*, 233 Neb. 720, 447 N.W.2d 908 (1989), we agree with the Court of Appeals' holding in the instant case.

In *Batts* and in *Ring*, we held that in order to find that an accused committed felony motor vehicle homicide by driving while under the influence, the State must prove beyond a reasonable doubt that the accused's driving while under the influence was the proximate cause of the accident and resulting death. The language in the motor vehicle homicide statute, Neb. Rev. Stat. § 28-306 (Reissue 1995), and in the serious bodily injury statute, § 60-6,198, is virtually the same, except that the former holds a driver criminally liable for proximately causing the death of a person, while the latter holds a driver criminally liable for proximately causing serious bodily injury to a person. We, therefore, hold that to convict an accused driver in cases involving alcohol brought under § 60-6,198, the State must prove beyond a reasonable doubt that the act of driving while under the influence of alcoholic liquor must be the proximate cause of serious bodily injury to a person.

From our review of the instructions in this case, we find that the trial court committed additional plain error in drafting and giving instruction No. 3. As an example, William Ihm, called by the State as an expert on alcohol concentration in human blood, testified without objection that Adams' blood test showed a concentration of .097 grams by weight of alcohol per 100 milliliters of his blood. Ihm further testified that while the Nebraska Department of Health rules permit the use of the third digit after the decimal point, such third digit (in this case the 7) is "not used — it's usually not accepted because instruments are normally not accurate to that third point." Ihm also testified that a blood test could have a plus or minus deviation. He testified that applying the plus deviation to Adams' .097 test result would increase that result to .109 and that applying the minus devia-

tion to the .097 test result would decrease the test result to .084. We have held that when there is a margin of error in a chemical test for alcohol, the test result must be adjusted and the defendant given the benefit of the adjusted reading. See, *State v. Burling*, 224 Neb. 725, 400 N.W.2d 872 (1987); *State v. Bjornsen*, 201 Neb. 709, 271 N.W.2d 839 (1978).

In the instant case, using only the first two digits of the .097 test result, and deducting the margin of error as testified to by Ihm, reduces the test result of the concentration of alcohol in Adams' blood to .08. Such a result fails, as a matter of law, to establish beyond a reasonable doubt that Adams had a concentration in his body of ten-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his blood. Therefore, the trial court should have eliminated from its instructions all reference to what would constitute an illegal concentration of alcohol in Adams' blood. A trial court has an obligation to instruct the jury correctly. See *State v. Brunzo*, 248 Neb. 176, 532 N.W.2d 296 (1995). In this case, the trial court should have instructed the jury that the alcohol test result was admitted into evidence only to show that Adams had consumed alcohol and that the test did not prove that Adams had an illegal concentration of alcohol in his blood or that the test by itself could prove that Adams was under the influence of alcohol at the time of the accident at issue here.

The trial court also committed plain error when it included the word "drugs" in its instructions Nos. 2 and 3. In instruction No. 2, the trial court stated in part, "This is a criminal case in which the State of Nebraska has charged [Adams] with causing serious bodily injury by driving under the influence of alcoholic liquor or *drugs*." (Emphasis supplied.) In instruction No. 3, the trial court stated, in substance, that the State must prove its charges by evidence beyond a reasonable doubt in order to convict Adams of causing serious bodily injury while driving under the influence of alcoholic liquor or *drugs*. We have found no *evidence* in the record regarding the use of drugs by Adams.

In addition to the plain error found by the Court of Appeals, we find that the trial court's instructions constitute plain error and were prejudicial to Adams because (1) they did not limit the jury's consideration of Adams' blood test results, (2) they

implied that Adams was a drug user, and (3) the instructions were not supported by the evidence.

A review of the record reflects there is sufficient evidence from which a jury could find, beyond a reasonable doubt, that at the time of the collision of Adams' and Schwartz' motor vehicles, Adams was driving while under the influence of alcohol and that such driving while under the influence of alcohol was the proximate cause of serious bodily injury to Schwartz.

We, therefore, vacate Adams' trial court conviction and sentence and remand the cause to the Court of Appeals with direction to remand the cause to the district court for a new trial consistent with this opinion.

CONVICTION AND SENTENCE VACATED, AND
CAUSE REMANDED WITH DIRECTION.