STATE OF NEBRASKA, APPELLEE, V.
DARYL B. ANDERSON, APPELLANT.
693 N.W.2d 267

Filed February 25, 2005.    No. S-03-1118.

Christopher J. Lathrop for appellant.

Jon Bruning, Attorney General, and Kevin J. Slimp for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## I. NATURE OF CASE

Daryl B. Anderson appeals from his conviction for causing serious bodily injury while driving under the influence of alcohol during a September 25, 2002, motor vehicle accident with Jaime Hillman. Anderson raises issues related to the jury instructions given at his trial, the sufficiency of the evidence to support his conviction, and the voir dire of prospective jurors.

## II. BACKGROUND

Anderson was charged with causing serious bodily injury while driving under the influence of alcohol in violation of Neb. Rev. Stat. § 60-6,198 (Reissue 2004) (count I); operating a motor vehicle without an operator's license in violation of Neb. Rev. Stat. § 60-484 (Cum. Supp. 2002) (count II); operating a motor vehicle without proof of financial responsibility in violation of Neb. Rev. Stat. § 60-321 (Reissue 2004) (count III); and operating an unregistered motor vehicle in violation of Neb. Rev. Stat. § 60-302 (Supp. 2001) (count IV). Counts II, III, and IV are not subjects of this appeal.

Jury selection for Anderson's trial began on July 9, 2003. That morning, 37 individuals reported for jury duty and 24 of them initially constituted the jury panel. During the court's questioning of the 24 prospective jurors, 1 prospective juror was excused for cause by the court and was immediately replaced on the panel. Shortly thereafter, the court passed the panel for cause and the State began its voir dire. During the State's questioning of the panel, another prospective juror was excused for cause. After the court excused that prospective juror, Anderson asked the court whether the excused prospective juror needed to be replaced on the panel. The court answered, "No, not until the time that we get

down to 12 jurors that you don't have a strike for." The State continued its questioning of the panel, and five more prospective jurors were excused for cause. Anderson did not request that these five prospective jurors be replaced on the panel, and they were not replaced. Upon conclusion of its voir dire, the State passed the panel for cause. The panel then consisted of 18 prospective jurors.

After Anderson passed the panel, the district court stated the following:

At this time counsel may exercise [their] peremptory challenges.

I would tell the prospective jurors and members of the panel that each side has a right to six peremptory challenges. If they exercise those to the point where there's only 12 of you remaining, then I will call more to be examined for cause.

So, counsel, bearing that in mind, you may exercise those. I would tell the parties they don't have to exercise any of them, it's up to them.

The parties then exercised their peremptory challenges, striking a total of 6 prospective jurors from the panel, 3 by each party, leaving 12 prospective jurors on the panel. The court then called six prospective jurors forward to the panel to be questioned. As the court questioned those six prospective jurors, one was excused for cause and immediately replaced. The district court passed the panel for cause, and during the State's voir dire, two prospective jurors were excused for cause and both were immediately replaced. After the State and then Anderson passed the panel for cause, the court instructed both parties that they could exercise their three remaining peremptory challenges against any of the 18 remaining prospective jurors. Each party did so, leaving the 12 individuals who were sworn in as jurors.

The State's first witness at trial was Stephanie Sorgenfrei, a friend of Hillman. On the day of the accident, Sorgenfrei and Hillman had lunch together at a restaurant in Papillion. After lunch, the two traveled east on Cornhusker Road in separate vehicles, with Sorgenfrei following behind Hillman. As Hillman and Sorgenfrei crested a hill approaching the intersection of Cornhusker Road and Eagle Hills Drive, Sorgenfrei testified that she saw a Chevrolet Suburban, driven by Anderson, at that

intersection, sitting across both eastbound lanes of Cornhusker Road and facing north. Sorgenfrei testified that Hillman attempted to evade the Suburban by maneuvering her car into the turning lane for westbound traffic when Anderson's Suburban lunged forward —"like a tiger attacking his prey"—and struck Hillman's vehicle. The parties stipulated that Hillman suffered serious bodily injury as a result of the collision.

Deputy Brian Jarrett of the Sarpy County sheriff's office responded to the accident. Jarrett testified that upon making contact with Anderson at the scene, he could smell a very strong odor of alcohol on Anderson and noticed that Anderson's eyes were watery and bloodshot and that his speech was slurred. Jarrett further testified that after Anderson was transported to the hospital, Anderson told Jarrett that he had had "a few VO Canadian Whiskey drinks" upon waking that morning and then had more drinks later that morning. While at the hospital, a blood sample was drawn from Anderson. A chemical test performed on that sample indicated a blood alcohol content of .272 grams of alcohol per 100 milliliters of blood. Anderson also submitted to a breath test after being transported from the hospital to the county jail. The breath test indicated a breath alcohol content of .260 grams of alcohol per 210 liters of breath.

At the close of all the evidence, the jury received the following instruction on the elements of causing serious bodily injury while driving under the influence of alcohol:

INSTRUCTION NO. 3

Under **Count I** of the Information in this case, depending on the evidence, you may find the Defendant:

(1) Guilty of Driving under the influence of alcohol causing serious bodily injury; or

(2) Guilty of driving under the influence of alcohol; or

(3) Not guilty.

### A. ELEMENTS

The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict the Defendant of the crime of driving under the influence of alcohol causing serious bodily injury are:

(1) The Defendant operated a motor vehicle;

(2) The Defendant operated a motor vehicle in violation of Nebraska Revised Statute Section 60-6,196;

(3) *The Defendant's act of driving proximately resulted in serious bodily injury to Jaime Hillman*;

(4) The act took place on or about September 25, 2002;

(5) The act took place in Sarpy County, Nebraska.

Section 60-6,196 states in part as follows:

(1) It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle:

(a) While under the influence of alcoholic liquor *or of any drug*;

(b) When such person has a concentration of eight-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood; or

(c) When such person has a concentration of eight-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath.

. . . .

The Defendant's operation of a motor vehicle while under the influence of alcohol caused serious bodily injury to Jaime Hillman if Jaime Hillman's serious bodily injury occurred in a natural and continuous sequence, and without the Defendant's act the serious bodily injury would not have occurred. *If, on the other hand, you find that the acts or omissions of Jaime Hillman were the sole cause of her serious bodily injury, you must find Defendant not guilty.*

(Emphasis supplied.)

Anderson made three objections to this instruction. First, he argued that subparagraph A(3) above should have stated: "The Defendant's act of driving *in violation of § 60-6,196* proximately resulted in serious bodily injury to Jaime Hillman." He also argued that the words "or of any drug" should not have been included in the instruction when there was no evidence offered that he was under the influence of any drug. Finally, he argued that the last sentence quoted above should have read: "If, on the other hand, you find that the acts or omissions of Jaime Hillman were the sole *proximate* cause of her serious bodily injury, you must find the Defendant not guilty." The court overruled each objection.

The jury found Anderson guilty on counts I, II, and IV. He was sentenced to probation for a period of 18 months. Anderson filed a timely notice of appeal, and we granted the State's petition to bypass the Nebraska Court of Appeals.

## III. ASSIGNMENTS OF ERROR

Anderson assigns, rephrased and consolidated, that the district court erred in (1) overruling each of his three objections to the jury instructions, (2) finding there was sufficient evidence to convict him of causing serious bodily injury while driving under the influence of alcohol, (3) overruling his objection to testimony regarding the blood alcohol test results, and (4) not replacing the prospective jurors excused for cause on the jury panel before the parties began exercising their peremptory challenges.

## IV. STANDARD OF REVIEW

Whether jury instructions given by a trial court are correct is a question of law. *State v. Wisinski*, 268 Neb. 778, 688 N.W.2d 586 (2004).

When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Hudson*, 268 Neb. 151, 680 N.W.2d 603 (2004).

## V. ANALYSIS

### 1. Jury Instructions

Anderson unsuccessfully objected to jury instruction No. 3 on three grounds, which now become his first three arguments on appeal.

### (a) Implication of Drug Use

Anderson argues that the district court erred in including the words "or of any drug" in the jury instruction when no evidence was offered at trial that Anderson was under the influence of any drugs. Anderson relies on *State v. Adams*, 251 Neb. 461, 558 N.W.2d 298 (1997). There, a jury received an instruction stating, " 'This is a criminal case in which the State of Nebraska has

charged [the defendant] with causing serious bodily injury by driving under the influence of alcoholic liquor or *drugs.*'" (Emphasis in original.) *Id.* at 467, 558 N.W.2d at 302. Another instruction stated, " 'The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict the defendant of *causing* serious bodily injury while driving under the influence of alcoholic liquor *or drugs* are as follows . . . .' " (Emphasis in original.) *Id.* at 465, 558 N.W.2d at 301. We concluded that including the word "drugs" in the instructions was plain error because it implied that the defendant was a drug user and because there was no evidence in the record regarding drug use by the defendant.

Upon careful consideration of our decision in *State v. Adams, supra,* we decline to apply it here to reverse Anderson's conviction. In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *State v. Weaver,* 267 Neb. 826, 677 N.W.2d 502 (2004). Furthermore, jury instructions must be read as a whole, and if they fairly present the law so that the jury could not be misled, there is no prejudicial error. *Id.*

Viewed as a whole, we conclude that the jury instructions do not make the same implication as that made in *State v. Adams, supra.* In *Adams,* the implication that the defendant may have been a drug user was created by including the word "drugs" in statements about what the defendant had been charged with and could be convicted of. The same cannot be said of the instructions in this case. In jury instruction No. 2, the jury was told that count I of the information charged Anderson with "operat[ing] a motor vehicle under the influence of alcohol and caus[ing] serious bodily harm." The word "drugs" does not appear in this instruction. In jury instruction No. 3, the jury was told it could find Anderson guilty of driving under the influence of alcohol causing serious bodily injury, driving under the influence of alcohol, or not guilty. The instruction said nothing relating to Anderson's driving under the influence of any drug. The instruction did use the word "drug" but only when the instruction quoted Neb. Rev. Stat. § 60-6,196 (Cum. Supp. 2002). Read as a whole, the instructions conveyed to the jury that Anderson was charged with operating a motor

vehicle while under the influence of alcohol, but not drugs. Anderson's argument is without merit.

### (b) Proximate Cause Instruction

Anderson argues that the district court erred in instructing that "[t]he Defendant's act of driving proximately resulted in serious bodily injury to Jaime Hillman." Anderson contends that it was error to instruct the jury that the mere act of driving need proximately cause Hillman's serious bodily injury.

Anderson relies on *State v. Adams*, 251 Neb. 461, 558 N.W.2d 298 (1997), in which the defendant was convicted of causing serious bodily injury while driving under the influence of alcohol. The jury in *Adams* was instructed that the material elements of the crime included " '[t]hat while so operating a motor vehicle [the defendant] did proximately cause serious bodily injury to [the victim].' " 251 Neb. at 465, 558 N.W.2d at 301. The defendant appealed to the Court of Appeals, which reversed the judgment and remanded the cause for a new trial. It concluded that the instructions failed to properly instruct the jury that the act of driving while under the influence must proximately cause serious bodily injury. *State v. Adams*, No. A-95-669, 1996 WL 219671 (Neb. App. Apr. 30, 1996) (not designated for permanent publication). The State petitioned for further review to this court, and we affirmed the decision of the Court of Appeals.

*State v. Bartlett*, 3 Neb. App. 218, 525 N.W.2d 237 (1994), provides a more detailed explanation of the proximate cause element of causing serious bodily injury while driving under the influence. The Court of Appeals found plain error when a jury was instructed that the material elements of the crime were in part as follows:

"1. [the defendant] was operating a motor vehicle; and,

"2. when he did so, he caused serious bodily injury to [the victim]; and,

"3. when he did so, he had a concentration of ten-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his blood . . . ."

*Id.* at 223, 525 N.W.2d at 241. The *Bartlett* court interpreted Neb. Rev. Stat. § 39-669.39 (Cum. Supp. 1992) (now codified at § 60-6,198) to require that the defendant's act of driving while intoxicated must proximately cause serious bodily injury:

To interpret the statute otherwise, that is, to find that the statute criminalizes any bodily injury which the defendant proximately causes if the defendant happens to be driving while intoxicated, would result in an absurdity. If we were to interpret the statute in such a way, it would impose strict liability upon a defendant for an act such as assaulting his passenger, if it caused serious bodily injury, so long as the defendant happened to be driving and happened to be intoxicated in violation of § 39-669.07 [now codified at § 60-6,196]. Rather, the conduct which the statute seeks to criminalize is some *act* of the defendant which proximately causes serious bodily injury. The only act mentioned in the statute is the act of driving while intoxicated. Therefore, we believe the act of driving while intoxicated must proximately cause the injury.

(Emphasis in original.) *State v. Bartlett*, 3 Neb. App. at 224, 525 N.W.2d at 241.

In the case at bar, instruction No. 3 required proof beyond a reasonable doubt of a nexus between the defendant's *act of driving* and the serious bodily injury, rather than merely requiring proof that the injury occurred *while* the defendant was driving. It logically follows that Anderson's "act of driving" occurred while Anderson was under the influence. Therefore, read as a whole, the jury instructions fairly presented the law so that the jury could not be misled.

### (c) "Sole Cause" Instruction

Anderson argues that the statement made in jury instruction No. 3, "If . . . you find that the acts or omissions of Jaime Hillman were the sole cause of her serious bodily injury, you must find Defendant not guilty" should have instead been written as "sole proximate cause."

In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *State v. Weaver*, 267 Neb. 826, 677 N.W.2d 502 (2004). Anderson has failed to demonstrate any prejudice as a result of this omission. As the Court of Appeals described in *Bartlett*, "[the victim's] actions were not a defense to this charge so long as [the defendant's] conduct was a contributing factor, i.e.,

also a proximate cause." *State v. Bartlett*, 3 Neb. App. 218, 229, 525 N.W.2d 237, 244 (1994). While flawed, the instruction in this case was not prejudicial.

## 2. SUFFICIENCY OF EVIDENCE

Anderson argues that there was insufficient evidence to convict him of causing serious bodily injury while driving under the influence of alcohol. He contends that the State failed to offer any evidence that his alcohol use was the proximate cause of Hillman's injuries.

When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Hudson*, 268 Neb. 151, 680 N.W.2d 603 (2004). Anderson recognizes that "[t]aking the facts most favorable to the State, the State showed that . . . Anderson was under the influence of alcohol, a collision occurred between his vehicle and Jaime Hillman's vehicle, and . . . Hillman was seriously injured." Brief for appellant at 15. In addition, Sorgenfrei testified that Hillman attempted to avoid Anderson's vehicle on the road but was struck when Anderson's vehicle lunged into Hillman's vehicle. This is sufficient evidence to find that Anderson's act of operating a motor vehicle in violation of § 60-6,196 proximately caused serious bodily injury to another.

## 3. BLOOD ALCOHOL TEST

■ Anderson also assigns that the district court erred in overruling his objections to testimony regarding the blood alcohol test, a test he contends was not performed in accordance with the standards and procedures required by law. Assuming, for the sake of argument, that the court did err, we conclude that such error was harmless. Erroneous admission of evidence is harmless error and does not require reversal if the evidence is cumulative and other relevant evidence, properly admitted, supports the finding by the trier of fact. *State v. Cook*, 266 Neb. 465, 667 N.W.2d 201 (2003).

In addition to the results of the blood alcohol test, the record also contains evidence that a chemical breath test was performed on Anderson, revealing a breath alcohol content in excess of the

legal limit. Anderson has not taken exception to the chemical breath test results. That evidence supports the finding by the jury that Anderson was in violation of § 60-6,196 at the time of the accident, rendering this assignment of error meritless.

## 4. VOIR DIRE

Finally, Anderson argues that the district court committed prejudicial error when it excused six prospective jurors for cause but did not replace them on the jury panel prior to the parties' first use of peremptory challenges.

The record reveals the inconsistent actions of the district court in replacing some excused prospective jurors but not others, as recounted in detail above. The court, on its own motion, initially excused one prospective juror for cause and immediately replaced her on the panel. Subsequently, during the State's voir dire of the panel, six prospective jurors were excused for cause but were not replaced. After the parties' first round of peremptory challenges were exercised, additional individuals were called to the panel. Those that were thereafter excused for cause were immediately replaced on the panel.

After the first prospective juror had been excused but not replaced, Anderson inquired, "Judge, do we need to replace [this juror]?" The court answered, "No, not until the time that we get down to 12 jurors that you don't have a strike for." Anderson did not make an objection, and the court excused five more jurors for cause and did not replace them on the panel.

We question the court's management of the jury pool in this case, but Anderson did not object to the district court's actions. Instead he inquired about the procedure. The failure to make a timely objection waives the right to assert prejudicial error on appeal. *In re Interest of Phyllisa B.*, 265 Neb. 53, 654 N.W.2d 738 (2002). That rule has equal application here. Anderson's failure to object to the district court's actions is a waiver of his right to assert this argument on appeal.

## VI. CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.