756 N.W.2d 542 (2008)
17 Neb. App. 90
STATE of Nebraska, Appellee,
v.
Raymond C. WALLS, Appellant.
No. A-07-1376.
Court of Appeals of Nebraska.
October 7, 2008.
*544 Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays, Lincoln, for appellant.
Jon Bruning, Attorney General, and James D. Smith, Lincoln, for appellee.
INBODY, Chief Judge, and MOORE and CASSEL, Judges.
INBODY, Chief Judge.

INTRODUCTION
Raymond C. Walls appeals his conviction of third degree assault on an officer, contending that the district court erred in giving its jury instruction defining "reckless" and in refusing to give his proposed jury instruction defining "recklessly." He also contends that he received ineffective assistance of trial counsel. For the reasons set forth herein, we affirm Walls' conviction and sentence.

STATEMENT OF FACTS
On September 26, 2006, Lincoln police officer Conan Schafer was working as a bicycle patrol officer in the downtown area of Lincoln, Nebraska. At approximately 2:50 p.m., he contacted an individual after observing him drinking alcohol in public in an alcove just to the west of 1421 P Street. While Schafer was attempting to arrest the individual for that offense, the individual swore at Schafer and called him a racist. Walls, who had been uninvolved in the incident, approached Schafer, inquiring about the situation because he had overheard the individual call Schafer a racist. Schafer directed Walls to back up, as Walls was about 5 feet away from Schafer. According to Schafer, he did not want someone behind him while he was making the arrest, due to the dangerousness of such a situation. Walls did not comply with Schafer's repeated requests to step back.
*545 At this time, Lincoln police officer Sid Yardley arrived to assist Schafer, and the aforementioned individual was arrested and placed in the back seat of Yardley's cruiser. Schafer pointed at Walls and said to Yardley, "[H]e's getting a ticket." As Schafer began walking toward Walls, Walls turned and headed inside the building located at 1421 P Street. When Schafer got inside the door, Walls ran up the stairs. Although Schafer yelled at Walls to stop and to inform him that he was under arrest, Walls did not stop and continued to his apartment door. Schafer caught up with Walls just as Walls was putting a key in his apartment door. Schafer grabbed Walls' arm and told him that he was under arrest. A struggle ensued, with Walls forcing Schafer to the floor with Walls' hands around Schafer's neck. Yardley heard a scuffle and assisted Schafer by placing Walls in a lateral vascular neck restraint and pulling Walls off of Schafer. As a result of the incident, Schafer suffered scratches on his Adam's apple area, on the right side of his neck, directly under his chin, and on the right side of his chin. He also had an abrasion on his knee, and his "right shoulder area was sore for a couple of days."
Walls was charged with third degree assault on an officer, in violation of Neb. Rev.Stat. § 28-931 (Cum. Supp. 2006). A jury trial was held in September 2007. Schafer and Yardley testified to the facts as previously set forth. Walls testified that he grabbed onto Schafer to prevent himself from tripping and that he had no intention of fighting with Schafer.
During the jury instruction conference, Walls objected to the district court's proposed jury instruction defining "reckless" as "the disregarding of a substantial and unjustifiable risk that ... Schafer [would] be injured in the circumstances in which disregarding this risk was a gross deviation from what a reasonable, law-abiding person would have done." Walls proposed the following jury instruction defining "recklessly":
Recklessly shall mean acting with respect to a material element of an offense when any person disregards a substantial and unjustifiable risk that the material element exists or will result from his or her conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to the actor, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.
The district court overruled Walls' objection to the court's instruction, denied Walls' proposed jury instruction, and gave its original instruction to the jury. The jury convicted Walls of the charged offense, and thereafter, Walls was sentenced to 2 years' probation with a term of 120 days' jail as a condition of that probation. Walls has timely appealed to this court.

ASSIGNMENTS OF ERROR
Walls contends that the district court erred in giving its jury instruction defining "reckless" and in refusing to give his proposed jury instruction defining "recklessly." He also contends that he received ineffective assistance of trial counsel.

STANDARD OF REVIEW
[1, 2] Whether jury instructions given by a trial court are correct is a question of law. State v. Anderson, 269 Neb. 365, 693 N.W.2d 267 (2005). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. State v. Furrey, 270 Neb. 965, 708 N.W.2d 654 (2006).
*546 [3] To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. State v. Moore, 276 Neb. 1, 751 N.W.2d 631 (2008).
[4, 5] Claims of ineffective assistance of counsel raised for the first time on direct appeal do not require dismissal ipso facto; the determining factor is whether the record is sufficient to adequately review the question. When the issue has not been raised or ruled on at the trial court level and the matter necessitates an evidentiary hearing, an appellate court will not address the matter on direct appeal. State v. Jones, 274 Neb. 271, 739 N.W.2d 193 (2007).

ANALYSIS

Jury Instructions.
Walls' first two assignments of error are that the district court erred in giving its jury instruction defining "reckless" and in refusing to give his proposed jury instruction defining "recklessly."
Walls' proposed jury instruction mirrored the statutory language of Neb.Rev. Stat. § 28-109(19) (Cum. Supp. 2006), which defines "recklessly" as follows:
Recklessly shall mean acting with respect to a material element of an offense when any person disregards a substantial and unjustifiable risk that the material element exists or will result from his or her conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to the actor, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.
[6] In contrast, the district court's jury instruction, based on the definition of "reckless" contained in NJI2d Crim. 4.0E, defined "reckless" as "the disregarding of a substantial and unjustifiable risk that... Schafer [would] be injured in the circumstances in which disregarding this risk was a gross deviation from what a reasonable, law-abiding person would have done."
Walls argues that the statutory definition of "recklessly" required the jury to take into consideration the defendant's purpose and the circumstances known to him, i.e., a subjective element; that the jury instruction given by the district court did not do so; and that his proposed jury instruction did do so. However, the Nebraska Supreme Court has specifically rejected the position that the statutory definition of "recklessly" contains a subjective element in State v. Kistenmacher, 231 Neb. 318, 323, 436 N.W.2d 168, 171 (1989), in which the court held that "the test for recklessness as statutorily defined in § 28-109(19) is purely objective." Although Walls recognizes, and cites to, the Kistenmacher decision in his brief, he argues that Kistenmacher was wrongly decided.
[7] Vertical stare decisis compels inferior courts to follow strictly the decisions rendered by courts of higher rank within the same judicial system. Sanford v. Clear Channel Broadcasting, 14 Neb.App. 908, 719 N.W.2d 312 (2006). Pursuant to the doctrine of stare decisis, this court is compelled to follow the law as it has been pronounced by the Nebraska Supreme Court. As such, the jury instruction given by the district court, which contains a purely objective test of recklessness, was proper.
Furthermore, as Walls admits in his brief, the jury instruction given by the *547 district court followed the pattern jury instruction of NJI2d Crim. 4.0E. Whenever an applicable instruction may be taken from the Nebraska Jury Instructions, that instruction is the one which should usually be given to the jury in a criminal case. State v. Molina, 271 Neb. 488, 713 N.W.2d 412 (2006). Thus, the jury instruction given by the district court was a correct statement of the law, and by giving the pattern jury instruction definition of "reckless," the district court avoided using "the horrendously complicated definition of the term `recklessly' contained in § 28-109(19)." See State v. Pribil, 224 Neb. 28, 32, 395 N.W.2d 543, 547 (1986). But see State v. Pruett, 263 Neb. 99, 638 N.W.2d 809 (2002) (Nebraska Supreme Court noted that trial court's instructing jury using statutory definition of "recklessly" was proper). Consequently, we find Walls' claims that the district court erred in giving its jury instruction defining "reckless" and in refusing to give his proposed jury instruction defining "recklessly" to be without merit.

Ineffective Assistance of Counsel.
Walls also contends that he received ineffective assistance of trial counsel on the following basis:
1) Trial counsel did not prepare to defend him in this case;
2) Trial counsel told defendant he did not have time to prepare his case for trial;
3) Trial counsel told defendant that he would call the prosecutor to ask him to put the case behind because the defendant was not going to turn out to be who the officers indicated he was;
4) Defendant was dragged into an all white jury trial against his will;
5) Defendant wanted a bench trial because he thought he would have a better chance;
6) Trial counsel likes jury trials and left defendant without a choice, and violated his constitutional rights;
7) Defendant was the only black person in the court and felt like he was being lynched by a white mob;
8) Trial counsel neglected to use the information defendant presented to him to prepare for trial; and
9) Because trial counsel neglected to use the information provided by defendant, defendant had to spend 120 days in jail and 2 years on probation, which is causing him to lose out on a cleaning contract with the University of Nebraska, not complete his psychology degree on time and not start his on-line bachelor of science in management degree.
Brief for appellant at 22-23.
[8, 9] We note that Walls was represented by the same attorneys at trial and on direct appeal. When a defendant was represented both at trial and on direct appeal by the same lawyers, the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief. State v. Bazer, 276 Neb. 7, 751 N.W.2d 619 (2008). Therefore, claims of ineffective assistance of counsel raised on direct appeal by the same counsel that represented the defendant at trial are premature and we decline to address them.

CONCLUSION
In sum, we find that Walls' claimed errors regarding jury instructions are without merit and that his claims of ineffective assistance of counsel are premature. Therefore, Walls' conviction and sentence are affirmed.
AFFIRMED.