Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
01/15/2016 12:05 PM CST

State of Nebraska, appellee, v.
Bryant L. Irish, appellant.
___ N.W.2d ___

Filed January 15, 2016.    No. S-15-270.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.
2. **Evidence: Appeal and Error.** When reviewing the sufficiency of the evidence to support a conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
3. **Proximate Cause.** The determination of causation, including proximate causation, is ordinarily a question of fact.
4. **Motor Vehicles: Drunk Driving: Proximate Cause.** The elements of driving under the influence in violation of Neb. Rev. Stat. § 60-6,198 (Cum. Supp. 2014) are: (1) The defendant was operating a motor vehicle, (2) the defendant was operating a motor vehicle in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010) or § 60-6,197 (Cum. Supp. 2014), and (3) the defendant's act of driving under the influence proximately caused serious bodily injury to another person.
5. **Motor Vehicles: Drunk Driving: Proximate Cause: Proof.** To convict an accused driver in cases involving alcohol brought under Neb. Rev. Stat. § 60-6,198 (Cum. Supp. 2014), the State must prove beyond a reasonable doubt that the act of driving while under the influence of alcoholic liquor was a proximate cause of serious bodily injury to another person.
6. **Motor Vehicles: Drunk Driving.** In making a determination as to causation under Neb. Rev. Stat. § 60-6,198 (Cum. Supp. 2014), a court should not focus on a defendant's intoxication rather than his or her act of driving while under the influence of alcohol or drugs.

7. **Statutes: Courts: Appeal and Error.** The U.S. Supreme Court's interpretation of a federal statute is not binding upon the Nebraska Supreme Court's interpretation of a state statute.

8. **Negligence: Proximate Cause.** A court need not read phrases like "results from" to require "but for" causality where there are textual or contextual indications to the contrary.

9. **Proximate Cause: Criminal Law: Torts.** The concept of proximate causation is applicable in both criminal and tort law, and the analysis is parallel in many instances.

10. **Proximate Cause.** As a general matter, to say one event proximately caused another is a way of making two separate but related assertions: First, it means the former event caused the latter; second, it means that it was not just any cause, but one with a sufficient connection to the result.

11. **Negligence: Proximate Cause.** The idea of proximate cause, as distinct from actual cause or cause in fact, is a flexible concept that generally refers to the basic requirement that there must be some direct relation between the injury asserted and the injurious conduct alleged.

12. ____: ____. A requirement of proximate cause serves to preclude liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity.

13. **Negligence: Proximate Cause: Words and Phrases.** A "proximate cause" is a moving or effective cause or fault which, in the natural and continuous sequence, unbroken by an efficient intervening cause, produces a death or injury and without which the death or injury would not have occurred.

14. **Proximate Cause: Proof.** Three basic requirements must be met in establishing proximate cause: (1) that without the misconduct, the injury would not have occurred, commonly known as the "but for" rule; (2) that the injury was a natural and probable result of the misconduct; and (3) that there was no efficient intervening cause.

15. **Criminal Law: Negligence: Proximate Cause: Words and Phrases.** Criminal conduct is a proximate cause of the event if the event in question would not have occurred but for that conduct; conversely, conduct is not a proximate cause of an event if that event would have occurred without such conduct.

16. **Negligence: Proximate Cause.** An intervening cause supersedes and cuts off the causal link only when the intervening cause is not foreseeable.

Appeal from the District Court for Madison County: MARK
A. JOHNSON, Judge. Affirmed.

Alan G. Stoler, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust
for appellee.

WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, and STACY, JJ.

CASSEL, J.

## INTRODUCTION

A statute[1] criminalizes the act of proximately causing serious bodily injury to another while driving under the influence of alcohol. Because "but for" causation is a component of proximate causation, the State had to prove that but for the defendant's act of driving while under the influence of alcohol, the serious bodily injury would not have occurred. The State did so. And because the injury was a direct and natural result of the defendant's act of driving while under the influence and there was no efficient intervening cause, the evidence supports the conviction.

## BACKGROUND

At approximately 12:55 a.m. on February 9, 2014, Bryant L. Irish and his passenger were involved in a one-vehicle rollover accident. Irish's passenger suffered head injuries after being ejected from the vehicle, a pickup truck. The State charged Irish with driving under the influence of alcoholic liquor causing serious bodily injury in violation of § 60-6,198(1).

At the start of a bench trial, the parties stipulated to a number of facts:

• A test of Irish's blood after the accident showed a blood alcohol content of .117 of a gram per 100 milliliters of blood.

---

[1] Neb. Rev. Stat. § 60-6,198(1) (Cum. Supp. 2014).

• Irish's passenger suffered serious bodily injury as defined in the relevant statute.
• It appeared that the pickup had failed to negotiate a curve in the road.
• Two warning signs were in the area prior to a 90-degree turn: a "turn ahead" sign and a "road work ahead" sign.
• An accident reconstructionist opined that the vehicle's minimum speed at the time it began to brake was 86.74 miles per hour. The posted speed limit was 45 miles per hour.
• The roadway contained patches of ice and snow cover.
• There were no centerline or fog line markings on the roadway.
• The front airbags did not deploy, and the occupants did not use seatbelts.
• According to research, the use of seatbelts prevents serious injury and death during collisions and is effective in preventing ejections.

Law enforcement officers testified regarding what Irish told them following the accident. Irish admitted that he was driving the pickup and that he consumed "no more than" 10 beers. Irish said that when the road began to curve and he attempted to turn, he realized it was too icy to maneuver his vehicle.

An accident reconstructionist testified that speeding was "definitely a factor" in the accident. The reconstructionist also explained that motor skills and reflexes "slow down by the increase of alcohol in the system." He testified that an intoxicated person often shows a lack of judgment.

The district court convicted Irish of the charged offense. The court found beyond a reasonable doubt that Irish was driving under the influence of alcoholic liquor at the relevant time and that the impairment by alcohol caused the motor vehicle accident which proximately caused the serious bodily injury to the passenger. The court found that no efficient intervening cause existed.

Irish moved for a new trial. Among other grounds, he asserted that the verdict was contrary to the law in light of the U.S. Supreme Court's decision in *Burrage v. U.S.*[2] The district court overruled the motion and later imposed a sentence of probation.

Irish filed a timely appeal, and we granted his petition to bypass the Nebraska Court of Appeals.

## ASSIGNMENTS OF ERROR

Irish assigns two errors. First, he alleges that the district court erred by failing to strictly construe the proximate cause element of § 60-6,198(1) to require a "but for" causal analysis of proximate cause. Second, Irish claims that had the court properly analyzed the proximate cause requirement as a "but for" requirement, it could not have found him guilty beyond a reasonable doubt of violating § 60-6,198(1).

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[3]

[2,3] When reviewing the sufficiency of the evidence to support a conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4] The determination of causation, including proximate causation, is ordinarily a question of fact.[5]

---

[2] *Burrage v. U.S.*, ___ U.S. ____, 134 S. Ct. 881, 187 L. Ed. 2d 715 (2014).

[3] *State v. Covey*, 290 Neb. 257, 859 N.W.2d 558 (2015).

[4] *Id.*

[5] *State v. Muro*, 269 Neb. 703, 695 N.W.2d 425 (2005).

## ANALYSIS

### Elements of Crime

[4,5] We first recall what the State must prove in order to obtain a conviction for driving under the influence causing serious bodily injury. The elements of driving under the influence in violation of § 60-6,198 are: (1) The defendant was operating a motor vehicle, (2) the defendant was operating a motor vehicle in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010) or § 60-6,197 (Cum. Supp. 2014), and (3) the defendant's act of driving under the influence proximately caused serious bodily injury to another person.[6] Thus, to convict an accused driver in cases involving alcohol brought under § 60-6,198, the State must prove beyond a reasonable doubt that the act of driving while under the influence of alcoholic liquor was a proximate cause of serious bodily injury to another person.[7]

[6] We digress to note that in making a determination as to causation, a court should not focus on a defendant's intoxication rather than his or her act of driving while under the influence of alcohol or drugs. Several of our motor vehicle homicide cases contain language suggesting that a defendant's intoxicated condition rather than the act of driving was key, and to that extent, we disapprove of those cases.[8] Although the district court articulated that Irish's impairment by alcohol caused the accident, that articulation did not discount the part that Irish's act of driving played in causing the motor vehicle accident.

---

[6] See *State v. Dragoo*, 277 Neb. 858, 765 N.W.2d 666 (2009).

[7] See *State v. Adams*, 251 Neb. 461, 558 N.W.2d 298 (1997). See, also, *State v. Anderson*, 269 Neb. 365, 693 N.W.2d 267 (2005); *State v. Bartlett*, 3 Neb. App. 218, 525 N.W.2d 237 (1994).

[8] See, *State v. Back*, 241 Neb. 301, 488 N.W.2d 26 (1992); *State v. Batts*, 233 Neb. 776, 448 N.W.2d 136 (1989); *State v. Ring*, 233 Neb. 720, 447 N.W.2d 908 (1989); *State v. Sommers*, 201 Neb. 809, 272 N.W.2d 367 (1978).

SUFFICIENCY OF EVIDENCE

The crux of this appeal is whether a reasonable trier of fact could have found beyond a reasonable doubt that Irish's act of driving while under the influence of alcohol proximately caused serious bodily injury to his passenger. Irish argues that the district court could not have found him guilty beyond a reasonable doubt, because too many other factors contributed to the accident.

Relying upon *Burrage v. U.S.*,[9] Irish argues that the State was required to prove "but for" causation. In *Burrage*, the defendant was convicted under a federal statute that imposed a 20-year mandatory minimum sentence on a defendant who unlawfully distributed a Schedule I or II drug when "death or serious bodily injury results from the use of such substance."[10] The Supreme Court reasoned that the statute's use of the phrase "results from" required "but for" causation. The Court determined that the penalty enhancement provision did not apply when use of a covered drug contributed to, but was not a "but for" cause of, the victim's death or injury. In order for the defendant to be liable under the mandatory minimum provision, the drug had to be an independently sufficient cause of the victim's death or serious bodily injury.

[7,8] The *Burrage* decision is not particularly instructive for two reasons. First, *Burrage* involved statutory interpretation of a federal statute. But we are called to interpret a state statute. The U.S. Supreme Court's interpretation of a federal statute is not binding upon our interpretation of a state statute.[11] And here, the statutes address different matters. Second, the statutory causation language in *Burrage* was "results from," but in the instant appeal, the statute's causation phrase is "proximately causes." A court need not read phrases like "results

---

[9] *Burrage v. U.S., supra* note 2.

[10] See 21 U.S.C. § 841(b)(1)(C) (2012).

[11] See *State v. Portsche*, 258 Neb. 926, 606 N.W.2d 794 (2000).

from" to require "but for" causality where there are textual or contextual indications to the contrary.[12] In this case, the text of the statute plainly calls for proximate causation. And as we explain in detail below, proximate cause includes the concept of "but for" causation.

[9-12] The concept of proximate causation is applicable in both criminal and tort law, and the analysis is parallel in many instances.[13] As a general matter, to say one event proximately caused another is a way of making two separate but related assertions: First, it means the former event caused the latter; second, it means that it was not just any cause, but one with a sufficient connection to the result.[14] The idea of proximate cause, as distinct from actual cause or cause in fact, is a flexible concept that generally refers to the basic requirement that there must be some direct relation between the injury asserted and the injurious conduct alleged.[15] A requirement of proximate cause serves to preclude liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity.[16]

[13-15] Proximate causation and "but for" causation are interrelated. A "proximate cause" is a moving or effective cause or fault which, in the natural and continuous sequence, unbroken by an efficient intervening cause, produces a death or injury and without which the death or injury would not have occurred.[17] Three basic requirements must be met in establishing proximate cause: (1) that without the misconduct,

---

[12] See *Burrage v. U.S., supra* note 2.

[13] *Paroline v. U.S.*, ___ U.S. ____, 134 S. Ct. 1710, 188 L. Ed. 2d 714 (2014).

[14] See *id.*

[15] See *id.*

[16] See *id.*

[17] See *State v. Sommers, supra* note 8.

the injury would not have occurred, commonly known as the "but for" rule; (2) that the injury was a natural and probable result of the misconduct; and (3) that there was no efficient intervening cause.[18] Criminal conduct is a proximate cause of the event if the event in question would not have occurred but for that conduct; conversely, conduct is not a proximate cause of an event if that event would have occurred without such conduct.[19] Thus, "but for" causation is encompassed within proximate causation.

A reasonable trier of fact could find "but for" causation in this case. If Irish had not been driving the pickup while under the influence, his passenger would not have been seriously injured when Irish failed to negotiate a curve and rolled the pickup, leading to the ejection of the passenger. There is a causal nexus between Irish's act of driving while under the influence and the passenger's serious bodily injury; such injury did not merely occur while Irish was driving.

The presence of other factors combining with Irish's act of driving while under the influence does not defeat "but for" causation. Irish argues that "but for" causation cannot be established due to other considerations such as vehicle speed, road construction, failure of the passenger to wear a seatbelt, and snow and ice on the road. We find helpful the following explanation of the U.S. Supreme Court:

> Thus, "where A shoots B, who is hit and dies, we can say that A [actually] caused B's death, since but for A's conduct B would not have died." . . . The same conclusion follows if the predicate act combines with other factors to produce the result, so long as the other factors alone would not have done so—if, so to speak, it was the straw that broke the camel's back. Thus, if poison is

---

[18] See *Amanda C. v. Case*, 275 Neb. 757, 749 N.W.2d 429 (2008). See, also, *State v. Muro, supra* note 5.

[19] *State v. Muro, supra* note 5.

administered to a man debilitated by multiple diseases, it is a but-for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived.[20] The other factors to which Irish points may have combined with Irish's act of driving to produce the result, but a reasonable trier of fact could conclude that the other factors alone would not have done so. And Irish's act of driving while under the influence was an independently sufficient cause of the passenger's serious bodily injury. Thus, "but for" causation exists.

[16] A reasonable trier of fact could also conclude that the passenger's serious bodily injury was a direct and natural result of Irish's act of driving the pickup while under the influence of alcohol and that no intervening cause superseded and severed the causal link. An intervening cause supersedes and cuts off the causal link only when the intervening cause is not foreseeable.[21] The other factors that Irish claims contributed to the accident were not efficient intervening causes, because they were foreseeable. And, as noted, there was sufficient causal connection between Irish's act of driving while under the influence of alcohol and the resulting serious bodily injury to Irish's passenger.

The evidence, viewed in the light most favorable to the prosecution, supports a conclusion that Irish's act of driving in violation of § 60-6,196 proximately caused serious bodily injury to his passenger. We recognize that the district court did not use the words "but for" in its findings or any similar language to show that it clearly considered the first component of proximate causation. Rather, the court stated: "[I]mpairment by alcohol caused the motor vehicle accident which, in turn, proximately caused the serious bodily injury to

[20] *Burrage v. U.S., supra* note 2, 134 S. Ct. at 888.

[21] See *Wilke v. Woodhouse Ford*, 278 Neb. 800, 774 N.W.2d 370 (2009).

his passenger . . . . No efficient intervening cause exists." The court correctly concluded that proximate causation existed, although its articulation was not precisely correct. Because a reasonable trier of fact could find that Irish's act of driving while under the influence was both a "but for" cause and a proximate cause of the passenger's serious bodily injury, the State met its burden of proof to sustain a conviction under § 60-6,198(1).

## CONCLUSION

A reasonable trier of fact could conclude that the passenger would not have suffered serious bodily injury but for Irish's act of driving while under the influence of alcohol, that the serious bodily injury was a direct and natural result of Irish's act of driving while under the influence, and that there was no efficient intervening cause. Because a reasonable trier of fact could find that the State met its burden of proof on causation, there was sufficient evidence to support Irish's conviction.

AFFIRMED.

HEAVICAN, C.J., and MCCORMACK, J., not participating.